## Commonwealth v. Wahle, Jr.

*Justice's court—Summary conviction—Violation of Motor Vehicle Acts of June 30, 1919, and June 14, 1923—Appeal—Defect in record—Failure to give defendant copy of charge—Waiver.*

1. After summary conviction for violating sections 19 and 25 of the Motor Vehicle Act of June 30, 1919, P. L. 678, amended by the Act of June 14, 1923, P. L. 718, and appeal taken, the defendant cannot have the proceedings declared invalid and quashed because of defects in the record.

2. Failure of the burgess to give the defendant a copy of the charge must be taken advantage of by *certiorari*, but where the defendant appears at the hearing and gives bail for his appearance in court, he waives such irregularity.

Rule to show cause why proceedings should not be declared invalid and quashed. Q. S., Montgomery Co., Feb. T., 1927, No. 40.

*J. Stroud Weber*, for plaintiff; *G. Herbert Jenkins*, for defendant.

KNIGHT, J., March 29, 1927.—On Sept. 17, 1926, the defendant was convicted before the Burgess of Lansdale of violating sections 19 and 25 of the Motor Vehicle Act of June 30, 1919, P. L. 678, as amended by the Act of June 14, 1923, P. L. 718. Confronted with this summary conviction, the defendant could have *certioriaried* the record if any fatal defects appeared on the face thereof, or he could have appealed. He elected to pursue the latter course, obtained an allowance, entered bail for his appearance in this court, and appealed.

Although this appeal is still pending and unheard, the defendant, on Dec. 8, 1926, filed a petition on which a rule was granted to show cause why the proceedings should not be declared invalid and quashed.

Answers having been filed by the district attorney and the Burgess of Lansdale, the case is before us on the petition and answers.

The transcript informs us that, some time between Sept. 11, 1926, and Sept. 17, of the same year, an information was filed on the oath of Samuel Woffindin, charging the defendant with violation of sections 19 and 25 of the Motor Vehicle Act of 1919, as amended by the Act of 1923. The transcript further sets forth that, on Sept. 17th, the defendant appeared for hearing in

response to notice given. The burgess then sets forth the evidence taken by him, and concludes by adjudging the defendant guilty, and directing him to pay a fine of $10 and $3.50 costs.

Section 31 of the Act of 1919, *supra*, provides: "Constables and police officers of the State and of the cities, boroughs, incorporated towns, townships and counties of this Commonwealth may arrest, upon view, any person or persons violating any of the provisions of this act, and such officer shall forthwith make and file with the mayor, burgess, magistrate, alderman or justice of the peace before whom the person arrested is taken an affidavit setting forth in detail the offence complained of, and at once furnish a copy thereof to the person arrested."

Section 32 of the amending Act of June 14, 1923, P. L. 718, 748, provides, *inter alia:* "All informations charging violations of any of the provisions of this act, excepting violations of the special provisions in sections 3, 4, 11, 14, 15, 16, 23, 24, 34 and 35, covering misdemeanors, shall be brought within two weeks after the commission of the alleged offence, and not after; provided, that before the service of any warrant and within the period of seven days after information has been lodged, the mayor, burgess, magistrate, alderman or justice of the peace shall mail to the person so charged, at the address shown by the records of the State Highway Department, a notice in writing of the issuance of the warrant, together with a copy of the information, and if the person named in the warrant shall not voluntarily appear within ten days thereafter, the warrant may then be served as herein provided."

The transcript of the burgess fails to show that a copy of the charge or information was furnished to the defendant as provided in the sections above quoted, and the answer of the burgess to the petition for this rule admits that the defendant was not furnished with a copy of the charge or information.

The defendant now contends that the proceeding should be quashed because the burgess failed to comply with the provisions of section 31 and section 32 by failing to give the defendant a copy of the charge as provided in said sections. He might have raised this question by *certiorari*, but having appealed his case and entered into a recognizance for his appearance in this court, he thereby waived any illegality or irregularity in his arrest: Com. ex rel. v. Baird, 21 Pa. C. C. Reps. 488; Com. v. Kipnis, 26 Dist. R. 927; Com. v. Kuehn, 71 Pitts. L. J. 72. In the last case cited, Judge Berger specifically held that the failure to give the defendant a copy of the notice required by the Act of 1919 was an irregularity waived by his entering bail for his appearance in the appellate court.

The cases cited by the defendant can be distinguished from the case at bar. Com. v. Levy, 30 Dist. R. 894, came before the Quarter Sessions of Lackawanna County on *certiorari*, which is the proper method of questioning the regularity of a summary conviction or the jurisdiction of the magistrate: Com. v. Tannebaum, 30 Dist. R. 943. In Com. v. Grubb, 8 D. & C. 120, it is true the case came before the Court of Quarter Sessions of Dauphin County upon a motion to dismiss the proceeding. In that case, however, the defendant was arrested on a warrant without a preliminary notice in writing, as required by the act. In the present case, the transcript sets forth the defendant voluntarily appeared upon "notice given."

The defendant having elected to appeal and submit his case on its merits before this court, he thereby waives any alleged irregularity in his arrest.

And now, March 29, 1927, the rule to show cause why the proceedings in the above case should not be declared invalid and quashed is hereby discharged.          From Aaron S. Swartz, Jr., Norristown, Pa.